UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARTHA ROMERO HUERTAS,
Plaintiff,

v.                                                           Civil No. 97-2843 (HL)

CHRISTIAN CENTER OF HOPE, INC.,
et al.,
Defendants.

## OPINION AND ORDER

Plaintiff Martha Romero Huertas ("Romero") commenced this lawsuit against Defendants Christian Center of Hope, Jorge Zubizarreta, and Ana Rodriguez (collectively, "Center") in response to the termination of her employment at the Center. Romero alleges that the Court has subject matter jurisdiction on the basis of diversity of citizenship. See 28 U.S.C.A. § 1332(a) (1993 & West Supp. 1999).[1] She brings suit for breach of an oral employment contract under several Puerto Rican statutes, namely P.R. LAWS ANN. tit. 31, §§ 3371-3471 (1991), P.R. LAWS ANN. tit. 29, § 185a (Supp. 1997), and P.R. LAWS ANN. tit. 31, § 5141 (1990).

In her amended complaint, Romero alleges that she entered into an oral employment contract with the Center on or about March 24, 1997. She was to

---

[1] Romero mistakenly alleges an amount in controversy exceeding $50,000.00, rather than $75,000.00, the current jurisdictional amount. Dkt. No. 7. See 28 U.S.C.A. § 1332(a) (1993 & West Supp. 1999).

Civil No. 97-2843 (HL)

manage an office of the Center in San Juan, Puerto Rico and receive a salary and certain other benefits. The contract covered two years, with the understanding that it would be extended on slightly different terms if Romero's performance was satisfactory. Taking this job required Romero to move from Miami, Florida to San Juan. Upon arriving in San Juan, Romero worked out of a condominium owned by Defendant Rodriguez. Eventually, and without explanation, Romero's paychecks stopped arriving, and she was informed by the Center that she had resigned from her position. She denied that she had done such a thing, and she was subsequently terminated on April 30, 1997. As a result of her termination, Romero filed this lawsuit on December 9, 1997.

Before the Court are Defendants' Motion to Dismiss, Dkt. No. 6, Plaintiff's Opposition to Motion to Dismiss, Dkt. No. 8, and Defendants' Motion to Dismiss "Amended Complaint," Dkt. No. 10. The Center seeks to have Romero's case dismissed for lack of subject matter jurisdiction on account of an insufficient amount in controversy. See Fed. R. Civ. P. 12(b)(1); 28 U.S.C.A. § 1332(a) (1993 & West Supp. 1999).

Romero's amended complaint faces some preliminary difficulties. First, Romero bases her claim on the Center's alleged breach of an employment contract. Romero bases this claim, however, on a string of local statutes that treat not breach of contract but rather contract formation, contract subject matter, and contract validity.

2

Civil No. 97-2843 (HL)

See P.R. LAWS ANN. tit. 31, §§ 3371-3471 (1991). Second, Romero argues that the Center's breach of contract also violated the Severance Pay Act of Puerto Rico ("Act"). P.R. LAWS ANN. tit. 29, § 185a (Supp. 1997). When the Center argued in its Motion to Dismiss that the Act provides a limited and exclusive remedy for discharge without just cause from an open-ended employment contract, Romero argued that the Act did not apply to her fixed-time employment contract.[2] These difficulties aside, Romero's case faces a far more serious defect. The Center argues in its Motion to Dismiss that this Court lacks subject matter jurisdiction over this controversy.

District courts have jurisdiction over diversity cases when the amount in controversy exceeds $75,000.00. 28 U.S.C.A. § 1332(a) (1993 & West Supp. 1999). Federal courts must diligently enforce the rules which establish and limit diversity jurisdiction. *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). A court has an obligation to inquire *sua sponte* as to whether it has subject matter jurisdiction. *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988). It is well-settled that a case "can only be dismissed . . . for failure to [satisfy the amount-in-controversy requirement] when it appears to a legal certainty that . . . the claim is really for less than the jurisdictional amount." *Serrano v. Nicholson*

---

[2]Although a party may plead in the alternative, Fed. R. Civ. P. 8(e)(2), Romero did not do so. Her pleading simply stated that she has a cause of action under P.R. LAWS ANN. tit. 29 § 185a (Supp. 1997).

3

Civil No. 97-2843 (HL)

*Nursery, Inc.*, 844 F.Supp. 73, 75 (D.P.R. 1994) (summarizing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

On the other hand, once diversity jurisdiction has been challenged, the party invoking the court's subject matter jurisdiction has the burden of proving by a preponderance of the evidence facts that support the allegation of jurisdiction. *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992). If the jurisdictional amount is challenged, the party seeking to invoke the court's jurisdiction has the burden of demonstrating that it is not a legal certainty that the claim involves less than the jurisdictional amount. *Dep't. of Recreation v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). This burden may be met with affidavits or amendments to the pleadings. *Id.*

If a case appears to have a problem as to the jurisdictional amount, the party invoking jurisdiction must demonstrate that a rational predicate exists for a claim of damages exceeding the $75,000.00 jurisdictional minimum. *See Griffin v. Dana Point Condominium Ass'n*, 768 F.Supp. 1299, 1301 (N.D.Ill. 1991). In the present case, Romero has not met her burden on this matter. Romero alleges that the Center's breach of their employment contract caused her $20,000.00 in "actual damages" attributable to "lost wages and financial opportunities." Dkt. No. 7. In addition, she claims that she suffered "mental anguish, emotional distress and loss of self esteem" entitling her to $500,000.00 in compensatory damages. Dkt. No. 7. Finally, Romero

4

Civil No. 97-2843 (HL)

seeks punitive damages and attorney's fees in unspecified amounts.[3]

As to the $20,000.00 in "actual damages," Romero fails to substantiate this amount other than to allege that she was to receive free room and board, the use of a company car, a salary of $800.00 per month, $400.00 per month in "petty cash," and 20% of all profits (from the Center, a nonprofit organization). Romero neglects to inform the Court how long she went without this salary and concomitant emoluments before finding another job or how she expected to receive profits from a nonprofit organization.

As to the $500,000.00 that Romero seeks, there is no evidence whatsoever to support the existence of emotional harm, much less of such a magnitude. Under Puerto Rican law, damages for "mental suffering . . . are available in breach of contract situations if they were foreseeable at the time the contract was formed." *Diaz Irizarry v. Ennia, N.V.*, 678 F.Supp. 957, 961 (D.P.R. 1988). See also *Serrano*, 844 F.Supp. at 76; *Camacho v. Catholic Church*, 72 P.R.R. 332, 341 (1953). Thus, while in some cases of breach of contract, damages for emotional harm may be recovered, Romero has done nothing to show that she is entitled to such damages. Romero has produced no evidence that she was hospitalized or had to consult medical personnel for the diagnosis or treatment of the emotional harm of which she complains. The fact

---

[3]Punitive damages are not available under Puerto Rico law. See *A.M. Capen's Co., Inc. v. American Trading & Prod.*, 973 F.Supp. 247, 265 (D.P.R. 1997); *Marina Industrial, Inc. v. Brown Boveri Corp.*, 114 P.R. Dec. 64, 90 (1983); *Carrasquillo v. Lippitt & Simonpietri, Inc.*, 98 P.R.R. 646, 657 (1970).

5

Civil No. 97-2843 (HL)

that Romero feels that her distress is worth $500,000.00 is not sufficient; the determination of whether the amount claimed is reasonable is an objective one. *Jimenez Puig v. Avis Rent-A-Car System*, 574 F.2d 37, 40 (1st Cir. 1978). Finally, it simply defies common sense that Romero could have suffered $500,000.00 in emotional harm due to the termination of her employment contract. Thus, there is no competent evidence to establish that Romero's claim satisfies the $75,000.00 amount-in-controversy requirement for this Court's diversity jurisdiction.

In addition to an insufficient amount in controversy, diversity jurisdiction is lacking due to a lack of diversity of citizenship between Romero and the Center. In her amended complaint, Romero simply alleges that she is a "citizen of the United States and a resident of Puerto Rico" and that Defendants are "residents of Miami, Florida." Dkt. No. 7. Simple residency is not enough to satisfy the requirements of diversity jurisdiction. The plaintiff must allege that there is diversity of *citizenship*, not of residency. See *Garcia v. Bernabe*, 288 F.2d 60, (1st Cir. 1961); *Brooks v. Yawkey*, 200 F.2d 663, (1st Cir. 1953). Romero's insufficient pleading of diversity of citizenship makes Plaintiff's claim vulnerable to the Center's motion to dismiss for lack of subject matter jurisdiction.

Wherefore, the Court hereby sets aside its earlier entry of default, Dkt. No. 20, and dismisses this claim because Romero has failed to meet her burden of establishing that the amount claimed exceeds the jurisdictional minimum and because Romero has

Civil No. 97-2843 (HL)

failed to plead properly the existence of diversity of citizenship.

**It Is So Ordered,**
At San Juan, Puerto Rico
December 30, 1999

_____
HECTOR M. LAFFITTE
Chief United States District Judge

7